

United States Courts
Southern District of Texas
FILED

NOV 3 0 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-020 |
| v. | § | |
| | § | |
| $19,500 (Nineteen Thousand Five | § | |
| Hundred Dollars in United States | § | |
| Currency) | | |
| Defendant | | |

### UNITED STATES' MOTION TO STRIKE ANSWER AND MOTION FOR DEFAULT JUDGMENT OF FORFEITURE, AND SUPPORTING BRIEF

The United States moves for an Order Striking the Answer of Ramiro Tijerina Pena and moves for a Default Judgment of Forfeiture because Ramiro Tijerina (Pena) lacks statutory standing to contest the forfeiture. The grounds for this motion are as follows:

1. Ramiro Tijerina Pena failed to file a verified claim identifying his interest or right to $19,500 U.S. currency (Defendant Property) within 30 days of service of the complaint in accordance with Rule C(6)(a)(i)(A)(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims which govern forfeiture proceedings. To date, Pena has not filed a verified claim.

2. Though an answer was filed, it should be stricken due to Pena's failure to file with this Court a verified claim. Further, if the answer is stricken, no other

claim nor answer has been filed asserting a legal interest in the property sought to be forfeited. Hence, a default judgement of forfeiture of the Defendant Property is appropriate.

## I. Statement of Relevant Facts

On February 9, 2004, the United States filed a Verified Complaint for Forfeiture In Rem (Exhibit A, DOC 1) against Defendant Property seeking civil forfeiture of $19,500 in United States currency under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds used or intended to be used to in exchange for a controlled substance or was used or intended to be used to facilitate a violation of the federal Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*

The United States gave proper notice to all parties with an interest in the Defendant Property pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Notice of Forfeiture was published in the *Brownsville Herald* for three consecutive weeks, March 14, 2004, March 20, 2004, March 22, 2004. The Notice stated that anyone with a legal interest in the Defendant Property who wished to contest the forfeiture must file a Claim with the United States District Clerk within 30 days of the execution of process and an Answer within 20 days thereafter, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Exhibit B, DOC 6, 9). Any potential

claimant other than Pena was required to file a verified claim not later than 30 days after final publication notice, followed by a timely answer. No such claims or answers have been filed.

Pena's attorney, Rolando Garza, was served with a copy of the complaint for forfeiture on March 11, 2004 (Exhibit C).   As set forth in the complaint,  anyone claiming a legal interest in the defendant property must file a claim and an answer pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.   Under Supplemental Rule C(6), Pena was required to file a verified claim within 30 days of March 11, 2004 and an answer within 20 days following his claim.  Supp. Rule C(6)(a)(i)(A)(1) and (a)(iii).

While Pena has not filed a verified claim with this Court, on March 18, 2004, Rolando Garza filed a pleading entitled "Real Party In Interest's Original Answer" (Exhibit D).   Under Rule C(6) the deadline for Pena to file a verified claim expired on April 9, 2004, approximately 7 months ago.  The deadline to file a verified claim by all others expired on April 21, 2004. Therefore, a default judgement for  forfeiture of the defendant property is appropriate and should be ordered.

## II.  Legal Argument

Procedurally, Title 21 forfeitures are governed by the Customs laws on

seizures, particularly  Rule C(6) of the Supplemental Rules for Certain Admiralty

Claims.   The above Rules are incorporated in the general rules for civil forfeiture

proceedings, 18  U.S.C. § 983(a)(4)(A) and (B).  Under Supplemental Rule C(6), a

claimant must file both a sworn claim <u>and</u> an answer to the allegations in the

complaint.[1] Although an unverified answer was filed on March 18, 2004, Pena

failed to timely file a verified claim.

In this and other circuits, Courts have repeatedly imposed strict compliance

with the filing requirements of Supplemental Rule C(6). *See United States v.*

*Commodity Account No. 549 54930*, 219 F.3d 595, 598 (7th Cir. 2000)("Strict

compliance with Supplemental Rule C(6) is typically required"); *United States v.*

*6,000 Currency,* 2000 WL 680339 (E.D. La. 2000); (Strict compliance with

Supplemental Rule C(6) is the norm); *United States v. Ford 250 Pickup*, 980 F. 2d.

1242, 1244 (8th Cir. 1993) (Upholding default judgment where district court

---

[1]It is permissible for one pleading to serve as both a verified claim and answer as long as the pleading meets all of the legal requirements for both and is timely filed.  As demonstrated below, that is not the case here.  A answer and a verified claim serve very different purposes.   In an answer,  a party is required to either admit or deny the averments upon which the adverse party will rely. Fed. R. Civ. P. 8(b). On the other hand, in a verified claim, a claimant is swearing to and stating his/her interest in the defendant property and the nature of same, in order for the Court to determine that the claimant has statutory standing to join the action and be heard.

required strict compliance with Supplemental Rule C(6)).  The filing of an answer does not satisfy Rule C (6)'s requirement for filing a verified claim.  *Id.*  Where the requirements of Rule C(6) have not been met and a verified claim has not been filed, the answer must be stricken.  *United States v. 6,000 Currency,* 2000 WL 680339 (E.D. La. 2000).

On occasion, some courts  have permitted a "verified" Answer, if timely filed,  to constitute a verified claim.  To constitute a verified claim,  an answer must have been timely filed, properly verified and contain all of the information necessary to constitute a verified claim.  *United States v. Cadillac One 2002 Escalade,* 2003 WL 22220264 (N.D. ILL 2003).  As demonstrated herein, Pena's unverified answer does not constitute a timely filed verified claim.

As noted above, the answer must be verified.  Verification of a claim is not a mere technical requirement. Rather verification, is essential due to the substantial danger of false claims in forfeiture cases, when establishing/demonstrating statutory standing to contest a forfeiture. Further, the requirement that a claim be made under oath or verfication, is designed to place the claimant at risk of perjury. *United States v. Commodity Account No. 54954930,* 219 F. 3d 595, 597 (7th Cir. 2000).

The March 18, 2004, pleading entitled "Real Party In Interest's Original Answer" (answer) was not verified (Exh. D)  This deficiency alone  disqualifies it

as a potential claim.  The answer does contain a "verification" section.  Though,

initial inspection of the "verification" might initially cause one to erroneously

believe that it was executed under oath by Pena, a closer inspection reveals it was

not executed under oath by Pena.  Rather it was actually signed "Ramiro Pena/by

permission."  This purported "verification" executed by an unknown  and

unidentified individual does not fulfill the verification requirement of Rule C (6)

for the reason that it does not subject Pena, much less the unknown individual who

signed the verification, to possible penalties of perjury.  Additionally, the

verification is a nullity. The notary swore that Pena personally appeared before her

and swore to the answer.  However,  that attestation has been refuted by the fact

that the signature line for Pena was executed "Ramiro Pena/by permission", which

unequivocally contradicts the notary's attestation.

Furthermore,  for a "verified answer" to constitute a timely filed verified

claim, the answer must set forth the identity of the claimant and the nature of the

interest or right being asserted in the defendant property.  One who fails to timely

file a proper claim setting forth his or her sworn interest in the defendant property

and the nature of that interest,  has no statutory standing to file an answer or

otherwise participate in the forfeiture proceedings. *United States v.  United States*

*Currency in the Amount of $2,857.00*, 754 F. 2d 208, 214 (7th Cir. 1984).  Pena's

unverified answer is a typical one, in that it merely denies the allegations set forth

in the complaint.[2] It does not contain a sworn statement by Pena identifying

Pena's interest in the defendant property and the nature of that interest.

Therefore, Pena's unverified answer does not satisfy the requirements of Rule C

(6) and does not constitute a verified claim. Additionally, the unverified answer,

does not contain sufficient information that would establish that Pena has standing

to contest the forfeiture. _United States v. One 1978 Piper Navajo_, 748 F.2d 316,

319 (5th Cir. 1984) (Party challenging forfeiture must demonstrate an interest in

the property sufficient to establish standing to contest the forfeiture.)

Since Pena received proper notice of forfeiture but failed to file a proper

verified claim within 30 days of that notice in accordance with Rule C(6), he lacks

statutory standing to contest this action, his answer should be struck and a Final

Judgment of Forfeiture ordered.


### III. Conclusion

The United States requests this Court enter an order striking the pleading

entitled "Real Party In Interest's Original Answer"(DOC 4). Since no other

verified claim has been filed by a claimant with a legal interest in the property

sought to be forfeited, the United States' motion for Default Judgment should be

---

[2]In paragraphs 2 and 3, the answer admits jurisdiction, venue and that the defendant property was taken from Pena.

granted and a final Decree of Forfeiture against the Defendant Property should issue.

### IV. Conferment with Opposing Counsel

On November 21, 2004, the United States conferred with Mr. Rolando Garza, counsel for Pena, and Mr. Garza opposes the United States' motion to strike and motion for default judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JUDITH A. LOMBARDINO
Assistant U.S. Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9709
Facsimile: 713-718-3404

## Certificate of Service

I, Judith A. Lombardino, Assistant United States Attorney, do hereby

certify that a true and correct copy of the above and foregoing has been served on

counsel of record by placing same in the mail, Certified Mail, Return Receipt

Requested, on the _30th_ day of _November_, 2004

addressed to:

Attorney for Ramiro Tijerina Pena
Mr. Rolando Garza
5526 North 10th Street
McAllen, Texas 78504

Judith A. Lombardino
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| Plaintiff, | § | CIVIL ACTION NO: B-04-020 |
| v. | | |
| $19,500.00 (NINETEEN THOUSAND, FIVE HUNDRED DOLLARS IN UNITED STATES CURRENCY) | § | |
| Defendant | | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, alleges upon information and belief that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. §881(a)(6) for the forfeiture of U.S. Currency, which was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substance Act, 21 U.S.C. §801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. The defendant property was, is, and will remain within the jurisdiction of this Court during the pendency of this action.

3. The defendant property consists of $19,500 in U.S. Currency and was seized from the person of Ramiro Tijerina Pena, on land, in Harlingen, Texas, within the Southern District of Texas under the circumstances detailed below.

PLAINTIFF'S
EXHIBIT
A
B-04-020
PENGAD-Bayonne,N.J.

4. On July 7, 2003, Officers from the Harlingen Police Department observed two men disembark a bus at a stop on Tyler Avenue in Harlingen, Texas. After the men collected their luggage, one of the men approached the police officers and asked if the connecting van to McAllen, Texas had arrived. Inspector Silva answered that it had not. Inspector Silva identified himself as a police officer and asked if he could speak to the man. The man consented.

5. Inspector Silva asked the man for identification and was shown an expired Texas driver's license in th name of Ramiro Tijerina Pena. Pena said that he had traveled from Orlando, Florida to collect an unemployment check. When asked the amount of the check, Pena answered $800. Officers asked Pena whether he was carrying large amounts of currency or weapons in his luggage. Pena responded that he was not carrying large amounts of money or any weapons. Pena said that he only had two twenty dollar bills, and showed them to the officers.

6. Pena was asked for consent to search his luggage which consisted of a medium sized Pullman type suitcase and a carry-on bag. Pena consented to the search. He opened the suitcase himself and ran his hands through the clothing inside declaring he had nothing to hide. Inspector Silva then searched the suitcase himself. Silva felt a bundle under the layers of clothing. When asked what was in the bundle, Pena replied that the bundle was a bag containing money. When asked how much money, Pena replied $19,000. When Inspector Silva asked Pena where he had obtained that amount of money, Pena would only answer that the money was owed to him.

7. Inspector Silva advised Pena that he was free to leave, but that the money would be counted at the police station and would be temporarily detained to determine its legitimacy. Pena agreed to accompany the officers to the police station to count the money.

8. At the office, the officers re-opened the suitcase and removed a large zip-locked plastic bag containing several bundles of U.S. currency. The bag was hidden between layers of clothing. The cash consisted of 16 one hundred dollar bills and 175 twenty dollar bills folded and secured by rubber bands, consistent with drug trafficking proceeds. Pena was again asked about the source of the currency. He stated that the money was repayment for a loan . Pena produced a telephone number which was out of service and was otherwise unable to provide any information concerning the person who allegedly gave him the money.

9. Additionally, bus ticket stubs in the name of Ramiro Pena showed that Pena had traveled between Marianne, Florida and McAllen, Texas during the months of June and August, 2003.

10. In addition, paper with notations of $378,000 - 322,000 = 56,000$ and $18,000 + 7500 = 245000$(sic) were in Pena's possession. Such notations are also consistent with drug trafficking activities.

10. A narcotics detection dog, "Kai", alerted on the currency indicating recent contact with narcotics.

11. The Defendant Currency was used, or intended to be used, in exchange for controlled substances, or was used or intended to be used to facilitate a violation of Title 11 of the Controlled Substances Act, 21 U.S.C. §801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881 (a)(6).

WHEREFORE, the United States of America prays:

1. Monition issue according to the normal procedure of this Court citing all persons having an interest in the above described defendant currency to appear on the return day of

3

process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain

Admiralty and Maritime Claims, or as ordered by the Court;

2. That Warrant of Arrest issue to the United States Marshal Service commanding the

arrest of the defendant currency;

3. That judgment of forfeiture to the United States be decreed against the defendant

currency; and

4. For costs and such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

_____ For:
James A. Hurd
Assistant United States Attorney
P.O. Box 61129
910 Travis, Suite 1500
Houston, Texas 77208
(713) 567-9341

4

## VERIFICATION

Before me the undersigned authority, personally appeared Special Agent Robert P. Foster, Federal Bureau of Investigation, who upon being duly sworn, stated under oath that he has read the foregoing Verified Complaint for Civil Forfeiture *in Rem*, and that the facts stated therein are based upon either his personal knowledge or information obtained by him in the course of his investigation into the matters described therein, are true and correct to the best of his knowledge and belief.

Robert P. Foster, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me, the undersigned authority, on this ____ day of February, 2004.

Notary Public, State of Texas

My commission expires:

08\14\06



MARTHA O. INFANTE
MY COMMISSION EXPIRES
August 14, 2006

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**

1
5

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | B-04-04-020 |

RECEIVED
UNITED STATES MARSHAL.
04 MAR 18 PM 1:20
SOUTHERN DIST. S/TX

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $19,500.00 IN UNITED STATES CURRENCY | Personal Service |

United States District Court
Southern District of Texas
FILED
APR 0 8 2004
Michael N. Milby
Clerk of Court

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | ROLANDO GARZA, ATTORNEY AT LAW |
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |
| | 5526 NORTH TENTH, MCALLEN, TX 78504 |

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Jim Hurd
Assistant United States Attorney
Office of the United States Attorney
PO Box 61129
Houston, Texas  77208-1129

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Please serve a copy of the attached  Complaint for Civil Forfeiture, Notice and Court Procedures

| Signature of Attorney or other Originator requesting service on behalf of : ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (713) 567-9341 | DATE February 3, 2004 |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process No. 1 | District of Origin No. 070 | District to Serve No. 071 | Signature of Authorized USMS Deputy or Clerk | Date 03/10/04 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). SAME | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service 03/11/04 | Time 4:15 pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee $45.xx | Total Mileage Charges (including endeavors) $3.57 | Forwarding Fee | Total Charges $48.57 | Advance Deposits 0 | Amount Owed to US Marshal or $48.57 | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

R.G.

| PRIOR EDITIONS MAY BE USED | **1.  CLERK OF THE COURT** | FORM USM 285 (Rev. 12/15/80) |
|---|---|---|

Make (5) copies when form is signed. SEND  ORIGINAL + 4 COPIES  to USMS. Retain Copy #5 for your file.

WHITE          PINK          YELLOW          BLUE          GREEN          **CLERK**

PLAINTIFF'S EXHIBIT
B
B-04-020
PENGAD-Bayonne,N.J.

UNITED STATES OF AMERICA v.
$19,500.00 IN UNITED STATES
CURRENCY
Civil No. B-04-020

NOTICE OF INTENT TO FORFEIT
    The United States
America intends to forfeit $19,500.
in United States Currency.
    Anyone with a legal inter
in the Defendant Property who see
to contest the forfeiture must file
claim the manner set forth in Rule
of the Supplemental Rules for Cert
Admiralty and Maritime Claims, wit
30 days after execution of proce
and an answer within 20 da
thereafter. Such pleadings shall
filed with the U.S. District Clerk, 6
E. Harrison, Room 101, Brownsvi
Texas, 78520, with a copy to J
Hurd, Assistant U.S. Attorney, P.
Box 61129, Houston, Texas 77208.
                3/14, 3/20, 3/22/04

# BROWNSVILLE
# The Herald

## PUBLISHER'S AFFIDAVIT

**STATE OF TEXAS**
**CAMERON COUNTY**

_____Ricardo Acosta_____, BEING DULY SWORN ON HIS OATH STATES THAT HE

IS THE BOOKKEEPER OF THE BROWNSVILLE HERALD AND THAT THE ATTACHED NOTICE

Notice Of Intent To Forfeit _____

APPEARED IN THE FOLLOWING ISSUES _____ March 14, 2004

#4745 _____

SUBSCRIBED AND SWORN BEFORE ME THIS _____23rd_____ DAY OF _____March_____
2004

OLGA SALDIVAR
Notary Public
State of Texas
My Comm. Exp. 03/07/07

**NOTARY PUBLIC, CAMERON COUNTY**

PLAINTIFF'S
EXHIBIT
C
B-04-020

UNITED STATES OF AMERICA vs.
$19,500.00 IN UNITED STATES
CURRENCY
Civil No. B-04-020
NOTICE OF INTENT TO FORFEIT
The United States
America intends to forfeit $19,500.0
in United States Currency.

Anyone with a legal intere
in the Defendant Property who see
to contest the forfeiture must file
claim the manner set forth in Rule
of the Supplemental Rules for Certa
Admiralty and Maritime Claims, with
30 days after execution of proces
and an answer within 20 da
thereafter. Such pleadings shall l
filed with the U.S. District Clerk, 6
E. Harrison, Room 101, Brownsvill
Texas, 78520, with a copy to J
Hurd, Assistant U.S. Attorney, P.
Box 61129, Houston, Texas 77208.
3/14, 3/20, 3/22/04

**BROWNSVILLE**

# The Hera

## PUBLISHER'S AFFIDAVIT

**STATE OF TEXAS**
**CAMERON COUNTY**

_____Ricardo Acosta_____ , BEING DULY SWORN ON HIS OATH STATES THAT HE

IS THE BOOKKEEPER OF THE BROWNSVILLE HERALD AND THAT THE ATTACHED NOTICE

Notice Of Intent To Forfeit
_____

APPEARED IN THE FOLLOWING ISSUES _____ **March 20, 2004**

#4745 _____

SUBSCRIBED AND SWORN BEFORE ME THIS _____23rd_____ DAY OF _____March_____
2004

OLGA SALDIVAR
Notary Public
State of Texas
My Comm. Exp. 03/07/07

**NOTARY PUBLIC, CAMERON COUNTY**



UNITED STATES OF AMERICA v.
**$19,500.00 IN UNITED STATES
CURRENCY**
Civil No. B-04-020
NOTICE OF INTENT TO FORFEIT
    The United States o
America intends to forfeit $19,500.00
in United States Currency.
    Anyone with a legal interes
in the Defendant Property who seeks
to contest the forfeiture must file a
claim the manner set forth in Rule C
of the Supplemental Rules for Certain
Admiralty and Maritime Claims, within
30 days after execution of process
and an answer within 20 days
thereafter. Such pleadings shall be
filed with the U.S. District Clerk, 600
E. Harrison, Room 101, Brownsville
Texas, 78520, with a copy to Jim
Hurd, Assistant U.S. Attorney, P.O.
Box 61129, Houston, Texas 77208.
                     3/14, 3/20, 3/22/04

## PUBLISHER'S AFFIDAVIT

STATE OF TEXAS
CAMERON COUNTY

_____Ricardo Acosta_____ , BEING DULY SWORN ON HIS OATH STATES THAT HE

IS THE BOOKKEEPER OF THE BROWNSVILLE HERALD AND THAT THE ATTACHED NOTICE

Notice Of Intent To Forfeit _____

APPEARED IN THE FOLLOWING ISSUES _____ March 22, 2004

#4745 _____

SUBSCRIBED AND SWORN BEFORE ME THIS _____ 25th _____ DAY OF _____ March _____
2004

OLGA SALDIVAR
Notary Public
State of Texas
My Comm. Exp. 03/07/07

NOTARY PUBLIC, CAMERON COUNTY

** TOTAL PAGE.03 **

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO: B-04-020 |
| $19,500.00 (NINETEEN THOUSAND, | | |
| FIVE HUNDRED DOLLARS IN | § | |
| UNITED STATES CURRENCY | | |
| Defendant | | |

REAL PARTY IN INTEREST'S ORIGINAL ANSWER

TO THE JUDGE AND JURY OF THIS COURT:

COMES NOW, Ramiro Tijerina Pena, in the above styled and numbered cause, and files his Real Party in Interest's Original Answer, and would respectfully show onto the court the following:

1.    Real Party in Interest denies the allegations contained in paragraph 1 in the complaint.

2.    Real Party in admits that this Court possesses jurisdiction and venue.

3.    Real Party in Interest admits the allegations contained in paragraph 3 in the complaint.

4.    Real Party in Interest denies the allegations contained in paragraph 4 in the complaint.

5.    Real Party in Interest denies the allegations contained in paragraph 5 in the

PLAINTIFF'S
EXHIBIT
D
B-04-020

PENGAD-Bayonne, N.J.

complaint.

6.    Real Party in Interest denies the allegations contained in paragraph 6 in the complaint.

7.    Real Party in Interest denies the allegations contained in paragraph 7 in the complaint.

8.    Real Party in Interest denies the allegations contained in paragraph 8 in the complaint.

9.    Real Party in Interest denies the allegations contained in paragraph 9 in the complaint.

10.    Real Party in Interest denies the allegations contained in both paragraph 10's in the complaint.

11.    Real Party in Interest denies the allegations contained in paragraph 11 in the complaint.

Wherefore, Premises Considered, Real Party in Interest Ramiro Tijerina Pena herein respectfully prays the Plaintiff take nothing; the property be returned to him and for other and further relief, either at law or in equity, to which Real Party shows himself entitled to.

Respectfully submitted,

Rolando Garza
5526 North 10th Street
McAllen, Texas 78504
(956) 682-9477 Telephone
(956) 682-0223 Facsimile
State Bar No. 24004665
Federal I.D. No. 32297

## VERIFICATION

BEFORE ME, the undersigned authority, on this day appeared Ramiro Tijerina Pena, who after being duly sworn stated that he has personal knowledge of the facts stated herein, and that everything contained herein is true and correct.



Ramiro Tijerina Peña

**SUBSCRIBED AND SWORN TO BEFORE ME** on March 17, 2004

to certify which witness my hand and seal of office.

Notary Public, State of Texas

OLGA REYES
MY COMMISSION EXPIRES
April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Real Party in Interest's Original Answer has been forwarded to the U.S. Attorney's Office care of Assistant United States Attorney, James A. Hurd, P.O. Box 61129, 910 Travis, Suite 1500, Houston, Texas 77208 on March 18, 2004.

Rolando Garza