United States District Court
Southern District of Texas
FILED

DEC 1 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO: B-04-020 |
| $19,500.00 (NINETEEN THOUSAND, FIVE HUNDRED DOLLARS IN UNITED STATES CURRENCY | § § | |
| Defendant | | |

MOTION FOR LEAVE TO FILE CLAIM

TO THE JUDGE AND JURY OF THIS COURT:

COMES NOW, Ramiro Tijerina Pena, in the above styled and numbered cause, and files his Motion for Leave to File Claim, and would respectfully show onto the court the following:

RELEVANT FACTS

1. On February 9, 2004 the government filed a Complaint for Forfeiture In Rem in the above noted civil action number.

2. The noted Complaint was served on undersigned counsel on March 11, 2004.

3. Before and after the Complaint was served on undersigned counsel, undersigned counsel was in contact with Assistant United States Attorney Jim Heard as to Pena's claim in the seized currency and his desire to have the currency returned through judicial forfeiture proceedings. The government was on actual notice of Pena's wish to pursue his claim through judicial forfeiture proceedings.

3. On March 18, 2004, just seven days after being served, Pena, through his

attorney, filed a verified answer wherein he admitted to the allegations contained in paragraph three of the Complaint and requested/prayed that the government take nothing and that the seized currency be returned to him.

4. The government alleged in point three of its Complaint that "The defendant property consists of $19,500 in U.S. Currency and was seized from the person of Ramiro Tijerina Pena, on land, in Harlingen, Texas, within the Southern District of Texas under the circumstances detailed below." Pena had dominion and control of the currency seized.

5. Pena also admitted to the Complaints allegation that this Court possessed jurisdiction and venue.

6. At the time the verified answer was executed, Pena was unavailable due to work and appeared before a notary by telephone at which time, he directed undersigned counsel to sign his name to the verification. The verification was executed in undersigned counsel's office. The verification does **not** note that Pena appeared personally.

7. Currently, Pena is in California where he has been working as a welder for approximately the last seven months. Pena was recently working off shore for approximately one and a half weeks.

8. Pena did execute a verified Claim of Ownership when the currency at issue was first seized. That document, which does note that he personally appeared before a notary, contains his personal signature and was mailed to the Special Agent in Charge, Federal Bureau of Investigation, to the attention of Rosalie Savage in McAllen, Texas on November 21, 2003. (Exhibit A, attached)

9.  The noted Claim of Ownership is also being reformatted to include the style of this case and is being filed along with this motion.

## LEGAL ARGUMENT

In *United States v. One Urban Lot* the defendant whose property was seized by the government, filed a verified answer containing all the information required in a claim within the time limit of Rule C(6) but failed to file a claim. 885 F.2d 994 (1st Cir. 1989)

The court held that equity and fairness required that the district judge exercise his discretion to treat the filing of the defendant's answer as a claim, and extend the deadline for its filing so that it satisfied the time requirements since the answer could be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing, since the goals of the Rule – to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims had been met, and since the government had suffered no prejudice. *Id.* at 1001.

Citing to *United States v. One Urban Lot*, the court in *Denet Towing Serv. v. Barge RHEA 84*, noted that *One Urban Lot*, was written by Judge Brown sitting by designation from the Fifth Circuit and does not necessarily conflict with the Fifth Circuits requirement of strict compliance with Supplemental Rule C(6). 2000 U.S. Dist. LEXIS 9597 (E.D. La. 2000); *see also U.S. v. $ 38,570 in U.S. Currency*, 950 F.2d 1108 (5th Cir. 1992) (when the goals underlying the Supplemental Rule C(6) time restrictions are not thwarted, the Court should exercise its discretion to excuse defects in the claim procedure or grant additional time for curing them).

In the present case a verified answer was filed within eight days of service. The verified answer could serve both as an answer and a claim of ownership since Pena admitted that the currency in question was taken from his person within the Southern District of Texas and prayed that the currency be returned to him as Real Party in Interest.

While a "bare assertion of ownership" of the currency, without more, is insufficient to confer standing, "some evidence" of an ownership interest is sufficient. *U.S. v. $ 38,570 in U.S. Currency*, 950 F.2d 1108, 1112-113 (5th Cir. 1992).

One district court has stated that the demand "that claimants show a legitimate source for the purpose of establishing standing improperly accelerates the claimant's ultimate burden," since it is proper that the government "first demonstrate probable clause sufficient to shift the burden to the claimant." *U.S. v. $ 80,760.00 in U.S. Currency*, 781 F. Supp. 462, 467 n.15 (N.D. Tex. 1991) *aff'd*, 978 F.2d 709 (5th Cir. 1992).

Courts generally look to dominion and control, such as possession, title, financial stake, as evidence of an ownership interest. *$ 38,570*, 950 F.2d at 1113.

As already noted, Pena's verified answer admitted that he had dominion and control over the currency seized and prayed for its return to him as Real Party in Interest.

At all times the government was on actual notice of Pena's claim in the property and was in continuous contact with undersigned counsel.

The government is not being harmed.

Wherefore, Premises Considered, Pena herein respectfully prays that the United State's Motion to Strike Answer and Motion for Default Judgment of Forfeiture, and Supporting Brief be denied, that Pena's verified answer be treated as both a claim and answer, and/or be allowed to file a claim, and for any further relief, either at law or in equity, to which Pena shows himself entitled to.

## CONFERMENT WITH OPPOSING COUNSEL

On December 13, 2004 undersigned counsel called Judith A. Lombardino, Assistant U.S. Attorney and left three messages as to whether she was opposed to this motion. Undersigned counsel did not receive a reply. At his time, undersigned counsel is assuming she is opposed to this motion.

Respectfully submitted,

Rolando Garza
5526 North 10th Street
McAllen, Texas 78504
(956) 682-9477  Telephone
(956) 682-0223  Facsimile
State Bar No. 24004665
Federal I.D. No. 32297

## VERIFICATION

BEFORE ME, the undersigned authority, on this day appeared Rolando Garza, who after being duly sworn stated that he has personal knowledge of the facts stated herein, and that everything contained herein is true and correct.

Rolando Garza

SUBSCRIBED AND SWORN TO BEFORE ME on  /2-/3-0y
to certify which witness my hand and seal of office.

Notary Public, State of Texas



FRANCISCO CANTU
MY COMMISSION EXPIRES
August 5, 2006

## CLAIM OF OWNERSHIP

I, Ramiro Tijerina Pena am the owner of the following seized property: $19,500.00 in U.S. currency more particularly described as Seizure Number 3770030109, Asset Id Number 03-FBI-004068.

I wish to contest the seizure and forfeiture of the noted $19,500.00 in U.S. currency which was seized from me on or about August 26, 2003 by the Harlingen Police Department in Harlingen, Texas.

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared Ramiro Tijerina Pena, who after being duly sworn stated:

> "I have read the foregoing Claim of Ownership and swear that all of the allegations of fact contained therein are true and correct."

_____
Ramiro Tijerina Pena

SUBSCRIBED AND SWORN TO BEFORE ME on _November 21, 2003_

to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas



BELINDA PEACOCK
MY COMMISSION EXPIRES
December 2, 2006

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the U.S. Attorney's Office care of Assistant United States Attorney, Judith A. Lombardino, P.O. Box 61129, Houston, Texas 77208 on 12-14-04.

Rolando Garza