UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 0 3 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-020 |
| v. | § | |
| | § | |
| $19,500 U.S. CURRENCY | § | |
| | § | |
| Defendants. | | |

<u>TABLE OF CONTENTS AND AUTHORITIES FOR UNITED STATES'
RESPONSE AND OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIM</u>

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JUDITH A. LOMBARDINO
Assistant United States Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9709
Facsimile: 713-718-3404

Table Of Contents

I. Pena Has Not Demonstrated Excusable Neglect Nor Other Mitigating Circumstances For His Failure To Timely File A Verified Claim That Would Justify Relief From Strict Compliance With The Requirements of Rule 6 (C) Permitting Him To File A Verified Claim/Statement Of Interest Seven (7) Months After The Time For Filing Same Has Expired............ ...............................2 -8


II. The Pleading "Real Party In Interest's Original Answer" Is Not Sufficient To Constitute A Properly Verified And Timely Filed Claim and Should Be Stricken................................................................................................... 8-18

A. The Pleading "Real Party In Interest's Original Answer" Was Not Properly Verified.................................................................................................8-14

B. Content of "Real Party In Interest's Original Answer" Is Insufficient And Does Not Identify Nor State The Nature of Pena's Interest In The Defendant Property................................................................................................14-18

Conclusion.................................................................................................18

# TABLE OF AUTHORITIES

CASES

1. *Mercado v. U.S. Customs Service*, 873 F. 2d 641, 645 (2d Cir. 1989)..................................................................................................12,17

2. *United States v. Commodity Account No. 54954930*, 219 F. 3d 595, 597-98..................................................................................................3,9,11

3. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990)..................................................................................................10

4. *United States v. Ford 250 Pickup 1990*, 980 F. 2d 1242, 1244(8th Cir. 1992)..................................................................................................7

5. *United States v. One 1978 Piper Navajo*, 748 F. 2d 316, 319 (5th Cir. 1984)..................................................................................................5,8,10

6. *United States v. One Diary Farm*, 918 F.2d 310, 312 (1st Cir. 1990)..................................................................................................7

7. *United States v. One Hundred Four Thousand Six Hundred Seventy-FourDollars,* 17 F. 3d 267 (8th Cir. 1994)..........................................................7

8. *United States v. One Urban Lot,* 885 F. 2d 994 (1st Cir. 1989)..................................................................................................9

9. *United States v. Properties Described in Complaints 764 Rochelle Drive,* 612 F. Supp. 465, 467-468.......................................................... 6

10. *United States v. Real Property Located at 14301 Gateway Boulevard West* , 123 F. 2d 312 (5th Cir. 1997)..........................................................9

11. *United States v. United States Currency in the Amount of $2,857.00*, 754 F. 2d 208, 214 (7th Cir. 1984)..........................................................15

*12. United States v. 51 Pieces of Real Property, Roswell, New Mexico,* 17 F.3d 1306, 1318 (10th Cir. 1994)..................................................................11

*13. United States v. $1,437.00 U.S. Currency,* 242 F. Supp. 2d 193, 195-96 (W.D.N.Y.)..................................................................8

*14. United States v. 6000 U.S. Currency,* 2000 WL 680339 (E.D. La. 2000)..................................................................3,9

*15. United States v. $38,570.00,* 950 F. 2d 1108, 1111 (5th Cir. 1992)..................................................................16

*16. United States v. 175, 918.00 In U.S. Currency,* 755 F. Supp. 630, 632 (S.D.N.Y.1991)..................................................................5,11

*17. United States v. Currency $267,961.07,* 916 F.2d 1104, 1108 (6th Cir. 1990)..................................................................10

*18. United States v. 244, 320.00 In United States Currency,* 295 F. Supp. 1050, 1061 ( S.D. Iowa 2003)..................................................................18

*19. United States v. $288,914.00 in U.S. Currency,* 722 F. Supp. 267, 270 (E.D.La. 1989)..................................................................9

*20. United States v. 9,041, 598. 68,* 163 F. 3d 238, 245 ( 5TH Cir. 1998)..................................................................16

STATUTES

1. Fed. R. Civ. P. 8 (b)..................................................................5, 13

2. Rule C(6)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims..................................................................11

3. Rule C(6)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims..................................................................11

4. Rule C(6)(a)(i)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims..................................................................................................4

5. Rule C(6)(a)(iii) of the Supplemental Rules for Certain Admiralty and Maritime Claims..................................................................................................1

ATTACHMENTS:

1. *United States v. 6000 U.S. Currency*, 2000 WL 680339 (E.D. La. 2000)(exhibit A)

Not Reported in F.Supp.2d  
2000 WL 680339 (E.D.La.)  
(Cite as: 2000 WL 680339 (E.D.La.))

Page 3

C

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.

UNITED STATES of America  
v.  
$6,000 U.S. CURRENCY

No. CIV. A. 00-696.

May 22, 2000.

BARBIER, J.

*1 Before the Court is plaintiff's Motion to Strike Answer of Claimant Andre Poole (Rec.Doc. 6). Claimant, Andre Poole a/k/a Lonnie Poole, opposes the motion. The motion, set for hearing on May 24, 2000, is before the Court on briefs without oral argument.

BACKGROUND

Plaintiff, the United States, filed the underlying Complaint for Forfeiture on March 3, 2000. Pursuant to 19 U.S.C. § 1607(a), a Notice of Seizure was published in the Times-Picayune on March 28, 2000. On March 20, 2000, a copy of the Notice of Seizure was sent by the United States to counsel for claimant. The Notice stated plainly that verified claims against the seized property were to be filed with the Clerk of Court for the Eastern District of Louisiana by April 12, 2000, and answers must be filed 20 days after the filing of such a claim.

In its memorandum in support of its motion, the United States argues that Poole's answer should be stricken because he did not comply with the requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, because Poole did not file anything with the Clerk of this court within the April 12, 2000 deadline, and filed only an unverified complaint together with his Answer on April 14, 2000.

In opposing the motion to strike his answer, claimant argues that he has filed documentation that satisfies the requirements of Rule C(6), and directs the Court to his claim filed with U.S. Drug Enforcement Agency (filed June 12, 1998); a letter to the United States Attorney for this district claiming the funds (filed September 8, 1998); and the answer and claim filed in this action on April 14, 2000.

DISCUSSION

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> The claimant of property that is the subject of an action in rem shall file his claim within ten (10) days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within twenty (20) days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that he is duly authorized to make the claim ....

In construing Rule C(6), in this circuit, "[s]trict conformity, not casual compliance, is the message of the case literature." *United States v. $288,914.00 in U.S. Currency,* 722 F.Supp. 267, 270 (E.D.La.1989); see also, *United States v. One 1978 Piper Navajo PA-31 Aircraft,* 748 F.2d 316 (5th Cir.1984). In view of this strict standard which has consistently been applied, the Court cannot gloss over the fact that none of the purported claims of claimant are verified, a requirement set out clearly in Rule C(6) and in the Notice of Seizure mailed directly to claimant's attorney. See *United States v. $8,554 in U.S. Currency,* 1998 WL 209150 (E.D.La.1998). Because claimant has not met the requirements of Rule C(6), his answer must be stricken.

*2 With respect to counsel's suggestion that claimant's incarceration makes his failure to comply with statutory requirements excusable, the Court observes that the Notice of Seizure was sent directly to claimant's attorney, over three weeks before claims were due. Accordingly, the neglect in this case is not excusable.

Moreover, even if this Court found that the failure to file was the result of justifiable neglect, claimant has not advanced "a defense to the forfeiture which would probably have been successful." *Piper Navajo,* 748 F.2d at 318. To the contrary, while the United States has filed a detailed affidavit together with a waiver of rights and confession, in which claimant states he was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PLAINTIFF'S EXHIBIT  
A  
B-04-020

Not Reported in F.Supp.2d  Page 4
(Cite as: 2000 WL 680339, *2 (E.D.La.))

bringing the $6,000 to San Bernardino, California to purchase fourteen ounces of cocaine, claimant has come forward with no defense except the general and conclusory denial in his answer. Such conclusory allegations do not establish a meritorious defense. *Id.* at 319. Accordingly;

IT IS ORDERED that plaintiff's Motion to Strike Answer of Claimant Andre Poole a/k/a "Lonnie Poole" Rec. doc. 6) should be and is hereby GRANTED, and the Answer shall be STRICKEN.

2000 WL 680339 (E.D.La.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Judith A. Lombardino, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served on counsel of record via United States Mail, postage prepaid on the ____3rd____ day of ____January____, 2005, addressed to:

Attorney for Ramiro Tijerina Pena
Mr. Rolando Garza
5526 North 10th Street
McAllen, Texas 78504

_____
Judith A. Lombardino
Assistant United States Attorney