United States Courts
Southern District of Texas
FILED

MAR 1 5 2005

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-04-20 |
| | § | |
| v. | § | |
| | § | |
| $19,500 (NINETEEN THOUSAND, | § | |
| FIVE HUNDRED DOLLARS) | § | |
| IN U.S. CURRENCY | § | |
| Defendant. | § | |

United States Courts
Southern District of Texas
FILED

MAR 1 4 2005

Michael N. Milby, Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE RESTATE THE INSTRUCTION BEFORE FURNISHING THE INFORMATION.**

1.  State where and when the parties conferred as required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Telephone conferences of March 11, 2005 and March 14, 2005. Judith A.Lombardino (Plaintiff) and Rolando Garza( Pena).

2.  List the cases related to this one that is pending in any state or federal court with the case number and court.

    None

3.  Specify the allegation of federal jurisdiction.

    This court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1345 and 1355.

4.     Name the parties who disagree and the reasons.

      None

5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None

6.     List anticipated interventions.

      None

7.     Describe class action issues.

      None

8.     State whether each party represents that it has made the initial disclosures require by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

      The United States and Pena agree to make initial disclosures within 60 days of the court's determination that Pena has standing in and is a party to these proceedings.

9.     Describe the proposed agreed discovery plan, including:

      The below are dependent upon the court finding that Pena has standing in and is a party to these proceedings. Without waiving its objections to Pena participating in discovery for the reason that he does not have standing to go forward in these proceedings as a party, the United States and Pena submit the following:

      A.     Responses to all the matters raised in Rule 26(f). Within 60 days of court's ruling on Plaintiff's Motions to Strike and Motion for Default Judgment and Opposition and Response to Pena's Motion for Leave to File Claim and Pena's Motion for Leave to File Claim.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

> Assuming that within the next 30 days, the Court finds that Pena has standing and is a party to these proceedings, and without waiving objections, plaintiff anticipates sending interrogatories to Pena not later than June 10, 2005.

C.    When and to whom the defendant anticipates it may send interrogatories.

> Assuming that within the next 30 days, the Court finds that Pena has standing and is a party to these proceedings, Pena anticipates sending interrogatories to Plaintiff not later than June 10, 2005.

D.    Of whom and by when the plaintiff anticipates taking oral depositions

> Assuming that within the next 30 days, the Court finds that Pena has standing and is a party to these proceedings and without waiving objections thereto, plaintiff anticipate taking the oral deposition of Ramiro Tijerina Pena within two months of receiving Pena's answers to interrogatories and production of documents.

E.    Of whom and by when the defendant anticipates taking oral depositions.

> Assuming that within the next 30 days, the Court finds that Pena has standing and is a party to these proceedings, Sgt. Leonel Silva and Ramiro Martinez within two months of receiving Plaintiff's answers to interrogatories and production of documents.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will

be able to designate responsive experts and provide their
reports.

Assuming that within the next 30 days, the Court finds
that Pena has standing and is a party to these
proceedings, and plaintiff without waiving the objections
answers as follows. The United States and Pena will be
able to designate experts and provide the reports required
by September 16, 2005.

10.   List expert depositions the plaintiff (or the party with the burden of proof on
      an issue) anticipates taking and their anticipated completion date. See Rule
      26(a)(2)(B) (expert report).

      None anticipated at this time.

11.   List expert depositions the opposing party anticipates taking and their
      anticipated completion date. See Rule 26(a)(2)(B) (expert report).

      None anticipated at this time.

12.   If the parties are not agreed on a part of the discovery plan, describe the
      separate views and proposals of each party.

          None

13.   Specify the discovery beyond initial disclosures that has been undertaken to
      date.

          None

14.   State the date the planned discovery can reasonably be completed.

      September 15, 2005.

15.   Describe the possibilities for a prompt settlement or resolution of the case
      that were discussed in your Rule26(f) meeting.

          Discussions of settlement were deferred pending the Court's ruling on
          the pending motions of the Plaintiff and Pena. The granting of

4

Plaintiff's motions would dispose of the case and no further proceedings would be required.

16.    Describe what each party has done or agreed to do to bring about a prompt resolution.

The United States and Pena have actively investigated the facts and circumstances of each's case and are continuing to do so.  The pending dispositive motion(s) filed by the United States and Pena's opposition has delayed any further discussions of possible settlement. Should the Court find that Pena has standing and is a party, then active discovery will begin. The exchange may lead to discussions regarding settlement.

17.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable, and state when such a technique may be effectively used in this case.

It is not believed that alternative dispute resolution techniques are reasonably suited to this case.

18.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

Neither party consents to trial before a magistrate Judge.

19.    State whether a jury demand has been made and if it was made on time.

Neither the United States nor Pena demanded a jury trial in this case, at this time.

20.    Specify the number of hours it will take to present the evidence in this case.

The United States and Pena estimate that it will take no more than 40 hours to present its evidence in this case.

21.    List pending motions that could  be ruled on at the initial pretrial and scheduling conference.

1. Plaintiff's United States' Motion to Strike Answer and Motion for Default Judgement of Forfeiture and Supporting Brief (DOC. 10)

2. Motion For Leave to File Claim by Ramiro Tijerina Pena (DOC 13).

3. Plaintiff's United States Opposition and Response to Pena's Motion or Leave to File Claim with Table of Authorities and Attachments (DOC 14,15,16)

22. List other motions pending.

   None at this time.

23. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   Other than the motions listed above, none anticipated at this time.

24. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for conference and disclosure of Interested Persons, listing the date of filing for original and any amendments.

   Judith A. Lombardino filed the required Disclosure of Interested Persons on March 14, 2005. Rolando Garza mailed for filing the required Disclosure of Interested Persons on March 14, 2005.

25.  List the names, bar numbers, addresses and telephone numbers of all counsel.

> Judith A. Lombardino (Attorney for Plaintiff United States)
> 910 Travis, Suite 1500
> P.O. Box 61129
> Houston, Texas 77208-1129
> (713) 567-9709
> (713) 718-3404(facsimile)
> State of Louisiana Bar No. 08703
>
>
> Rolando Garza   (Attorney for Ramiro Tijerina Pena)
> 5526 North 10th Street
> McAllen, Texas 78504
> (956) 682-9477
> (956) 682-0223 (facsimile)
>  State of Texas Bar No.  24004665


Counsel for Plaintiff                    Date: March 14, 2005

Judith A. Lombardino


Counsel for Ramiro Tijerina Pena          Date: March 14, 2005

Rolando Garza

25.    List the names, bar numbers, addresses and telephone numbers of all counsel.

Judith A. Lombardino (Attorney for Plaintiff United States)
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9709
(713) 718-3404(facsimile)
State of Louisiana Bar No. 08703


Rolando Garza   (Attorney for Ramiro Tijerina Pena)
5526 North 10th Street
McAllen, Texas 78504
(956) 682-9477
(956) 682-0223 (facsimile)
State of Texas Bar No.  24004665


Counsel for Plaintiff                    Date: March 14, 2005

Judith A. Lombardino


Counsel for Ramiro Tijerina Pena              Date: March 14, 2005

Rolando Garza

7