United States District Court
Southern District of Texas
FILED

JUL 0 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SERGIO EMILIO HINOJOSA-ALANIS<br>Respondent,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Petitioner.<br>(C.A. NO. B-05-144) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CR. NO. B-04-020 |

## THE UNITED STATES' RESPONSE TO HINOJOSA-ALANIS' PETITION UNDER 28 U.S.C. § 2255, AND MOTION TO DISMISS

The United States of America files this response to Hinojosa-Alanis' petition under 28 U.S.C. § 2255, and Motion to Dismiss, and in support thereof respectfully shows the court the following.

### I. Course of Proceedings

On January 13, 2004, a federal grand jury returned an indictment charging that Hinojosa-Alanis was unlawfully found in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b) (DE # 1).[1] On January 21, 2004, Hinojosa-Alanis appeared with Assistant Federal Public Defender Cesar Amador before United States District Judge Andrew Hanen and entered a plea of guilty to the

---

[1] "DE" refers to the criminal docket entry for Criminal Case Number B-04-020, and the number that follows refers to the number assigned to the docket entry.

indictment pursuant to a written plea agreement (DE # 5). Under the terms of the plea agreement, Hinojosa-Alanis agreed to waive the right to appeal the sentence imposed or the manner in which it was determined, unless the sentence resulted from an upward departure under the Guidelines or exceeded the maximum sentence allowed by statute. He further waived the right to collaterally attack his conviction or sentence in a 28 U.S.C. § 2255 action, or in any other post-conviction proceeding. The United States agreed to recommend that Hinojosa-Alanis receive full credit for acceptance of responsibility, a sentence at the low end of the applicable guideline imprisonment range, and a one-point downward departure for an early disposition plea under USSG §5K3.1 if Hinojosa-Alanis' sentence was increased by 16 levels for an aggravated felony under USSG §2L1.2(b)(1)(A) (DE # 5-6; Plea agreement ¶ 9, attached as Exhibit "A").

The plea agreement was executed by Hinojosa-Lopez, his attorney, and Assistant United States Attorney Daniel Marposon. By signing the plea agreement, Hinojosa-Alanis acknowledged that he entered it knowingly and voluntarily. He represented that he had consulted with his attorney, understood all his rights with respect to the charge against him and the applicability of the Sentencing Guidelines. He read the plea agreement and carefully reviewed it with his attorney. He understood the agreement and voluntarily agreed to the terms in the agreement. AFPD Amador

confirmed these representations in his certification (DE # 6; Plea agreement at ¶ 18, and Certification by Defendant).

The probation officer completed a presentence report, assessing Hinojosa-Alanis' base offense level at 8. She added 16 levels under USSG §2L1.2(b)(1)(A)(i) because Hinojosa-Alanis was deported following a conviction for a drug trafficking offense for which he received a sentence exceeding 13 months imprisonment.[2] The probation officer awarded Hinojosa-Alanis a three-level reduction for timely acceptance of responsibility (PSR ¶ 17). Based on a total offense level of 21 and criminal history category of IV, Hinojosa-Alanis' sentencing range under the Guidelines was between 57 to 71 months imprisonment (PSR ¶¶ 20, 28). Hinojosa-Alanis filed written objections, arguing his criminal history category should be III rather than IV. He did not oppose the 16-level increase under USSG §2L1.2(b)(1)(A)(i) (DE # 13).

On April 5, 2004, the district court overruled Hinojosa-Alanis' objections to the PSR, and granted the United States' recommendation for a one-level downward departure under USSG §5K3.1. The court imposed a sentence of 51 months

---

[2] Specifically, Hinojosa-Alanis was convicted for possession with intent to distribute 575 pounds of marijuana in the United States District Court in Brownsville, Texas, and sentenced to 84 months in the custody of the United States Bureau of Prisons and a term of five years supervised release. Authorities deported him on November 1, 1996. The court revoked his term of supervised release on August 12, 1997, and sentenced him to six months imprisonment. Authorities deported him again on January 9, 2001 (PSR ¶¶ 11-12).

imprisonment, a term of three years supervised release, and a $100 special assessment The Court entered the judgment of conviction and sentence on April 22, 2004 (DE # 15-16).

Hinojosa-Alanis did not appeal from his sentence. Contrary to his express contract in the plea agreement to waive the right to attack his conviction or sentence in a post-conviction proceeding, on May 2, 2005, Hinojosa-Alanis filed the instant *pro se* § 2255 petition (DE # 18). United States Magistrate Judge John Wm. Black ordered the government to respond to Hinojosa-Alanis' § 2255 petition by July 5, 2005.

## II. Allegations

In the § 2255 petition, Hinojosa-Alanis alleges for the first time that his sentence exceeded the maximum prescribed by statute and therefore, violated the Fifth and Sixth Amendments of the United States. Specifically, he argues that under *Booker v. United States*, 543 U.S.___, 125 S.Ct. 738 (2005), this Court exceeded its authority when it sentenced him beyond the two years penalty prescribed by 8 U.S.C. § 1326(a). He contends that the sentencing enhancement under 8 U.S.C. § 1326(b) based on a prior conviction for an aggravated felony, and the 16-level increase under USSG §2L1.2(b)(1)(A)(i) based on a prior felony conviction for a drug trafficking offense, are unconstitutional in light of *Booker* since the provisions

allowed the Court to enhance his sentence based on facts that were not admitted or found by a jury beyond a reasonable doubt.

## III. Argument

For the reasons set forth below, this Court should dismiss Hinojosa-Alanis' petition since he knowingly and voluntarily waived, in his plea agreement, the right to challenge his sentence in a post-conviction proceeding. In any event, he is not entitled to any relief in this § 2255 proceeding.

**1. Hinojosa-Alanis Waived Post-Conviction Relief**

"An informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced." *United States v. White*, 307 F.3d 336, 339, 341 (5th Cir. 2002)(citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). Here, the record shows Hinojosa-Alanis knowingly and voluntarily waived the right to attack his conviction or sentence in a post-conviction proceeding. Indeed, he makes no allegation or suggestion that his waiver was anything but intelligent and voluntary (*See* DE # 5; Plea agreement at pp. 7-8).

As the Fifth Circuit stated in *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994):

> [W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant

> will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.

Hinojosa-Alanis' agreement to forego attacking his sentence in any post-conviction proceeding is enforceable. *Id.* Therefore, his § 2255 motion is barred by his plea agreement. *White*, 307 F.3d at 343.

### 2. Hinojosa-Alanis' Petition is Procedurally Barred

Challenges under 28 U.S.C. § 2255 are limited in scope: a post-conviction motion to vacate sentence under Section 2255 "is reserved for the transgression of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Palomo*, 80 F.3d 138, 140 n. 3 (5th Cir. 1996). Once the defendant has been convicted and exhausted his right to appeal, there is a presumption that he stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

When constitutional or jurisdictional error is alleged, collateral relief is only available after the defendant shows "cause" for failing to pursue the error on direct appeal, <u>and</u> the error resulted in actual prejudice that denied him fundamental fairness at trial. *Id. Accord Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648 (1986). A petitioner is precluded from raising all other type errors in a Section 2255

proceeding unless he demonstrates cause for failing to raise the issue in a direct appeal <u>and</u> the error would result in a <u>complete</u> miscarriage of justice. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995)(emphasis added). *See Shaid*, 937 F.2d at 231-32 (A narrow exception to the cause and prejudice test has been recognized in extraordinary cases in which a constitutional violation has probably resulted in the conviction of an innocent person).

Here, Hinojosa-Alanis has failed to show cause for failing to pursue his alleged error on direct appeal, <u>and</u> that the alleged error resulted in actual prejudice that denied him fundamental fairness at trial. His petition is, therefore, procedurally barred.

### 3. Hinojosa-Alanis Is Entitled to No Relief

Hinojosa-Alanis concedes that his constitutional challenge to his sentence has been rejected by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 1226 (1998), wherein the Court held that the enhanced penalty for unlawful presence in the United States following a conviction for an aggravated felony contained in § 1326(b) is a sentencing factor and not an element of a separate offense, and that this treatment is constitutional. He argues, however, that *Almendarez-Torres* was incorrectly decided in light of *Booker v. United States*, 543 U.S.___, 125 S.Ct. 738 (2005); and *Blakely v. Washington*, 542 U.S. 296, 124

S.Ct. 2531 (2004). While he concedes that this Court is powerless to overrule *Almendarez-Torres*, he contends the court can set aside his sentence and resentence him to a maximum of two years imprisonment, simply by disregarding *Almendarez-Torres* and following *Blakely* and *Booker*.

First, *Blakely* and *Booker* did not overrule *Almendarez-Torres*. The Supreme Court has carefully excluded from its coverage increased sentences resulting from prior convictions. *See Booker*, 125 S.Ct. at 746, 748; and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). *See also United States v. Phillips*, ___F.3d___, 2005 WL 1459431 (11th Cir. 2005)(On *de novo* review, court held 16-level enhancement under USSG §2L1.2(b)(1)(A)(i) based on prior conviction for drug-trafficking offense did not offend Sixth Amendment in light of *Booker*. "Post-*Booker*, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions. . ."); *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005)("The holding in *Almendarez-Torres* remains binding law, and nothing in *Blakely* or *Booker* holds otherwise. . . [B]ecause we are bound by *Almendarez-Torres*, we hold that the district court's determination regarding the facts of Ordaz's prior convictions did not violate the Sixth Amendment, notwithstanding that the sentences were based, in part, on facts found by a judge rather than a jury"); *United States v. Hernandez*, 2005 WL 1208929 *2

(10th Cir. 2005)(Under the plain error standard of review, the Court rejected appellant's claim that his sentencing enhancement under 8 U.S.C. § 1326(b) and USSG §2L1.2(b)(1)(A)(ii) was unconstitutional under *Booker*. It held *Booker* did not overrule *Almendarez-Torres*)(unpublished).[3]

Regardless, *Booker* does not apply retroactively to cases on collateral review. Therefore, prisoners filing 2255 petitions cannot rely on *Booker* for relief. In *Booker*, the Supreme Court expressly limited both its Sixth Amendment holding and its remedial opinion to "all cases on direct review." *See Booker*, 125 S. Ct. at 769. Those circuit courts of appeal to consider this issue have uniformly ruled that *Booker*'s analysis is not retroactively applicable to cases on collateral review. *See Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005)(*Booker* did not apply retroactively in a § 2255 proceeding where the defendant's conviction was final before *Booker* was issued); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005)(Relying on *Schriro v. Summerlin*, 542 U.S. ___, 124 S.Ct. 2519 (2004), the Court concluded that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005)(same);

---

[3] Pursuant to FIFTH CIRCUIT RULE 47.5.4 an unpublished opinion may be cited as persuasive authority. A copy of *Hernandez* is attached as Exhibit "B" to this response.

*McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005)(same).

While the Fifth Circuit has not directly decided whether *Booker* applies retroactively in an initial § 2255 petition, it has announced that *Booker* does not apply retroactively in a successive § 2255 proceeding. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). In *Elwood*, the Fifth Circuit emphasized that the Supreme Court did not make *Booker* retroactive to cases on collateral review. "In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply 'to all cases on *direct* review' . . . The Court could have, but did not, make any reference to cases on collateral review. " *Id.* at 213 (emphasis in original). Citing *Schriro v. Summerlin*, the Fifth Circuit pointed out that the Supreme Court "has strongly suggested that *Apprendi*, and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review." *Id.*

## IV. Conclusion

The United States requests the Court to dismiss Hernandez-Alanis' petition under 28 U.S.C. § 2255 since it is waived under the terms of his written plea agreement. Alternatively, the United States requests the Court to summarily deny the petition.

Respectfully submitted,

CHUCK ROSENBERG
United States Attorney

By: _____
KATHERINE D. HADEN
Assistant United States Attorney
Texas Bar No. 08677500
910 Travis, Ste. 1500
P.O. Box 61129
Houston, Texas 77208
(713) 567-9102

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, do hereby certify that a copy of the foregoing Response to Hinojosa-Alanis' Petition Under 28 U.S.C. § 2255, and Motion to Dismiss, has been mailed on this the _5th_ day of July, 2005, via certified mail, return receipt requested to:

Sergio Emilio Hinojosa-Alanis
BSCC Airpart Unit
3700 Wright Avenue
Big Springs, Texas 79720

```
_____
KATHERINE L. HADEN
Assistant United States Attorney
```