# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JAN 2 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-04-020 |
| SERGIO EMILIO HINOJOSA-ALANIS | § | |

### PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys Michael T. Shelby, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the defendant, SERGIO EMILIO HINOJOSA-ALANIS, and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to the indictment in this case. The indictment charges the defendant with ILLEGAL REENTRY OF REMOVED ALIEN, in violation of Title 8, United States Code, §1326 (a) and 1326(b).

2. As part of this agreement, the United States agrees to recommend credit for Acceptance of Responsibility, sentencing at the Low end of guideline level defendant scores and 1-point credit under 5K3.1 for early disposition plea at arraignment. If defendant's sentence is increased by an assessment of 16 points for an "aggravated felony" pursuant to 2L1.2(b)(1)(A) of the Sentencing Guidelines.

3. The penalty for each violation of Title 8, United States Code, Section 1326(a) and 1326(b), is a maximum term of imprisonment of 20 years, and a fine of $250,000.00; and a period of supervised release not to exceed 3 years. The defendant also

Exhibit A

acknowledges and understands that if (s)he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant is not eligible for parole for any sentence imposed.

4. The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. The defendant understands that the Court is permitted, pursuant to Section 5E1.2 of the Sentencing Guidelines and Policy Statements, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered.

6. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

7. The defendant agrees to file a sworn financial affidavit that any fine or restitution imposed by the Court will be due and payable immediately. The defendant also agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code. The defendant hereby waives all rights, if any, to obtain discharge or to delay payment of any fine or restitution obligation or alter the time for payment by filing a petition pursuant to the Bankruptcy Code. The defendant hereby stipulates that enforcement of any fine or restitution obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the

2

United States Bankruptcy Code (Title 11, United States Code, Section 362), and that enforcement of any fine or restitution obligation by the United States is a valid exercise of its police or regulatory power within the meaning of Title 11, United States Code, Section 362(b). The defendant hereby stipulates and agrees not to institute or participate in any proceeding to interfere with, alter, or bar enforcement of any fine or restitution obligation pursuant to the automatic stay or other provision of the Bankruptcy Code in any case filed by the defendant or the defendant's creditors. Upon request of the United States or the victim, the defendant will execute an order or stipulation granting the United States or the victim relief from the automatic stay or other Bankruptcy Code provisions in order to enforce any fine or restitution obligation. The defendant hereby stipulates that any fine or restitution obligation imposed by the Court is not dischargeable in any case commenced by the defendant or the defendant's creditors pursuant to the Bankruptcy Code. The defendant's waivers and stipulations or agreements set forth above are made in exchange for the United States' concessions set forth in this plea agreement.

8. The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

9. Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in

3

Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

10. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives the right to appeal any sentence imposed within the guidelines range in exchange for the concessions made by the United States in this plea agreement.

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements.

4

12. The United States agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

13. The defendant represents to the Court that defendant is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he/she surrenders certain rights as provided in this Agreement. Defendant understands that the rights of defendants include the following:

a. If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

b. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and his attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the Court.

c. At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his own behalf.

14. The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information and records in the possession of the United States, including that obtained from the defendant.

15. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, or if the Defendant commits, attempts to commit or is arrested for the commission of any crime after the Defendant signs this plea agreement, the United States will be released from its obligations under the plea agreement. If the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

a. The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

b. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

c. The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

16. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The provisions of this paragraph do not

6

apply, however, to the United States' decision whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests within the sole discretion of the United States.

17. The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, or Rule 35(b) of the Federal Rules Criminal Procedure, if in its discretion, it is determined that such a departure is appropriate.

18. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

X_____
SERGIO EMILIO HINOJOSA-ALANIS

APPROVED:

_____
Assistant U.S. Attorney

_____
Attorney for Defendant

7

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the <u>charge(s)</u> pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

*[signature]*
SERGIO EMILIO HINOJOSA-ALANIS

*[signature]* January 21, 2004
Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

*[signature]*
Counsel for Defendant

*[signature]* January 21, 2004
Date

8

## PLEA PACKET MEMO

**ASSIGNED AUSA:** Dan Marposon

**DEFENDANT:** SERGIO EMILIO HINOJOSA-ALANIS

**CASE#** B-04-020

_____ PLEA AGREEMENT

_____ COPY OF INDICTMENT

_____ FACT SUMMARY SHEET

_____ CONFLICT OF INTEREST SHEET SIGNED

RECOMMENDATION IN EXCHANGE FOR DEFENDANT'S PLEA TO INDICTMENT and WAIVER OF APPEAL RIGHTS AS OUTLINED IN PLEA AGREEMENT: credit for Acceptance of Responsibility, sentencing at the Low end of guideline level defendant scores and 1-point credit under 5K3.1 for early disposition plea at arraignment. If defendant's sentence is increased by an assessment of 16 points for an "aggravated felony" pursuant to 2L1.2(b)(1)(A) of the Sentencing Guidelines.

### FACT SUMMARY SHEET

The defendant, an alien and non-citizen of the United States, was found in the Brownsville City Jail, Cameron County, Texas on December 18, 2003 after being removed on January 9, 2001 through Laredo, TX. The defendant was convicted of an aggravated felony of Illegal Entry After Deportation on September 3, 1997. The defendant had not obtained consent to reapply for admission into the United States from the Attorney General of the United States or Secretary of Homeland Security.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.

_____
SERGIO EMILIO HINOJOSA-ALANIS, Defendant

_____
Assistant United States Attorney

_____
Counsel for Defendant

Slip Copy                                                                                         Page 5
2005 WL 1208929 (10th Cir.(N.M.))
(Cite as: 2005 WL 1208929 (10th Cir.(N.M.)))

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Perez-HERNANDEZ, Defendant-Appellant.
No. 04-2233.

May 23, 2005.

Background: Defendant was convicted in the United States District Court for the District of New Mexico on a plea of guilty to illegal reentry into the United States after deportation and conviction for an aggravated felony, and was sentenced to 57 months of imprisonment. Defendant appealed.

Holdings: The Court of Appeals, Robert H. Henry, Circuit Judge, held that:
(1) fact of a prior conviction is an exception to the rule that all facts which raise the maximum sentence must be submitted to a jury and proved beyond a reasonable doubt, and
(2) defendant failed to prove that the sentencing court would have reached a different sentence had it known the Sentencing Guidelines were advisory.
Affirmed.

[1] Criminal Law ⚖═0

Fact of a prior conviction is an exception to the rule that all facts which raise the maximum sentence must be submitted to a jury and proved beyond a reasonable doubt.

[2] Criminal Law ⚖═0
Defendant failed to prove that the sentencing court would have reached a different sentence had it known the Sentencing Guidelines were advisory and not mandatory, and thus, there was no reversible error; defendant offered little more than the assertion that "absent the constrictions of the Guidelines, the sentencing court would have been free to more fully consider [defendant's] circumstances and determine a reasonable sentence."

Kenneth J. Gonzales, Office of the United States Attorney, Las Cruces, NM, Norman Cairns, U.S. Attorney's Office, Albuquerque, NM, for Plaintiff-Appellee.

Stephen P. McCue, Fed. Public Defender, Office of the Federal Public Defender, Albuquerque, NM, Dennis J. Candelaria, Federal Public Defender Office, Las Cruces, NM, for Defendant-Appellant.

Before EBEL, McKAY, and HENRY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

ROBERT H. HENRY, Circuit Judge.

*1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On May 20, 2004, Mr. Perez-Hernandez was indicted on one count of illegal reentry into the United States after deportation and conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (2), and (b)(2). On June 8, 2004, Mr. Perez-Hernandez pleaded guilty to the indictment without a plea agreement. On August 20, 2004, the district court sentenced Mr. Perez-Hernandez to 57 months of imprisonment. Mr. Perez-Hernandez now appeals his sentence, contending the district court erred in applying an enhancement for his prior conviction for an aggravated felony. He claims that enhancements for prior convictions must be based on facts found by a jury, as required under *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) and *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Mr. Perez-Hernandez's conviction and sentence.

I. BACKGROUND
Mr. Perez-Hernandez was arrested on Mach 29, 2004 and charged with illegally reentering the United States after having been deported. He had been deported to Mexico on April 21, 2001, after his convictions in Forsyth County, Georgia for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana. He received a sentence of ten

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit B

07/05/2005 15:41 FAX 7137183404   US ATTYS ASSET FORFEITUR                              @012
Case 1:04-cv-00020   Document 27-2   Filed in TXSD on 07/05/2005   Page 11 of 13

Slip Copy                                                                           Page 6
(Cite as: 2005 WL 1208929, *1 (10th Cir.(N.M.)))

years for the state convictions; after he served two years in prison he was placed on probation for the remaining eight years.

According to the presentence report, Mr. Perez-Hernandez's base offense level was 8, pursuant to United States Sentencing Guidelines Manual § 2L1.2 (a). The probation officer recommended that Mr. Perez-Hernandez receive a 16-level upward adjustment pursuant to USSG § 2L1.2(b)(1)(A)(ii) because he had the two prior drug convictions in Georgia and had served a prison term of more than thirteen months. The probation officer recommended that Mr. Perez-Hernandez receive a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to USSG § 3E1.1. Mr. Perez-Hernandez's adjusted offense level was thus 21.

Mr. Perez-Hernandez was in criminal history category IV. His criminal history category was based on three criminal history points for each prior drug conviction and two points for having committed the instant offense while on probation from the drug convictions. The resulting guideline range was 57 to 71 months.

Mr. Perez-Hernandez made no objection to the sentencing recommendations in the presentence report, including the fact he was previously convicted for distribution and possession. Similarly, at the sentencing hearing, neither Mr. Perez-Hernandez nor his attorney objected to the factual statements in the presentence report concerning his prior conviction. On August 20, 2004, the district court adopted the findings of the presentence report and sentenced Mr. Perez-Hernandez to 57 months of imprisonment and two years of supervised release.

## II. DISCUSSION

*2 Mr. Perez-Hernandez timely filed his appeal, and, for the first time, challenges the continued viability of *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that the fact of a prior conviction is an exception to the rule that all facts which raise the maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. As a result, he suggests *Almendarez-Torres* was wrongly decided, and that sentencing enhancements made on the basis of prior convictions must be authorized by a jury verdict or a defendant's admission.

In addition, Mr. Perez-Hernandez suggests that because the Guidelines are now advisory rather than mandatory, in the wake of *Booker*, he is entitled to a remand for resentencing on grounds that his previous sentence was imposed in violation of law under an unconstitutional interpretation of the Guidelines. Mr. Perez-Hernandez contends that this error amounts to plain error.

Mr. Perez-Hernandez acknowledges that because he has neither previously objected to the fact of his conviction nor previously raised any potential Sixth Amendment or non-constitutional *Booker* violation, we review the district court's sentence under the plain error standard set forth in *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508, (1993). See also Fed.R.Crim.P. 52(b). Under the plain error standard, an appellant must clear several hurdles:

> [T]he error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome of the trial.... Given plain error that affects substantial rights, an appellate court should exercise its discretion and notice such error where it either (a) results in the conviction of one actually innocent, or (b) seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Keeling*, 235 F.3d 533, 538 (10th Cir.2000) (internal quotation marks and citations omitted).

A. Sixth Amendment/*Almendarez-Torres* Claim

[1] Although we acknowledge that *Almendarez-Torres* has been called into question, it has not been overruled. In *Shepard v. United States*, --- U.S. ----, ----, 125 S.Ct. 1254, 161 L.Ed.2d 205, 2005 WL 516494, *9 (U.S. Mar. 7, 2005), Justice Thomas, in a concurring opinion, noted that:

> *Almendarez-Torres* ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided.... The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres'* continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres*, despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." *Harris v. United States*, 536 U.S. 545, 581-582, 122 S.Ct. 2406, 153 L.Ed.2d 524, (2002) (Thomas, J., dissenting).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
(Cite as: 2005 WL 1208929, *3 (10th Cir.(N.M.)))

Page 7

*3 --- U.S. ---, ---, 125 S.Ct. 1254, 161 L.Ed.2d 205, 2005 WL 516494, *9 (U.S. Mar. 7, 2005) (Thomas, J., concurring in part).

Despite this admonition, "as an inferior federal court we have the responsibility to follow directly applicable Supreme Court decisions." *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir.2005). "The holding in *Almendarez-Torres* remains binding law, and nothing in *Blakely* or *Booker* holds otherwise. Thus, because we are bound by *Almendarez-Torres*, we hold that the district court's determination regarding the facts of [Mr. Perez-Hernandez's] prior convictions did not violate the Sixth Amendment, notwithstanding that the sentences were based, in part, on facts found by a judge rather than a jury." *Id.*

Furthermore, the Supreme Court in *Blakely* unequivocally restated the proposition announced in *Apprendi*, 530 U.S. at 490: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed ... maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536 (emphasis added); *see also United States v. Cooper*, 375 F.3d 1041, 1052-53 n. 3 (10th Cir.), *cert. denied*, --- U.S. ---, 125 S.Ct. 634, 160 L.Ed.2d 478 (2004). Furthermore, in *Booker*, the Supreme Court reaffirmed the proposition that the fact of a prior conviction is an exception to factual jury submissions:

> [W]e reaffirm our holding in *Apprendi*: Any fact ( *other than a prior conviction* ) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S.Ct. at 756 (emphasis added). Thus, we reject Mr. Perez-Hernandez's argument that the decision in *Blakely* prohibits enhancement of his sentence for his prior conviction because a jury did not make a factual determination as to that conviction. No question of fact existed for a jury to decide. As to this issue, Mr. Perez-Hernandez cannot not show there was any error, much less plain error.

B. Non-constitutional error

[2] Similarly Mr. Perez-Hernandez cannot establish that the sentencing court would have reached a different sentence had it known the guidelines were advisory and not mandatory. Although we have determined that such an error is "plain," under the first and second prongs of the *Olano* test, "the primary issue ... is whether Mr. [Perez-Hernandez] can satisfy both the third and fourth prongs of plain-error review." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 2005 WL 807008, *3 (10th Cir.2005) (en banc). To satisfy the third prong of *Olano's* plain error analysis, Mr. Perez-Hernandez retains the burden to show that his substantial rights were affected. *See id.* In addition, pursuant to the fourth prong, "we will not notice a non-constitutional error, such as the one in the case before us, unless it is both 'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" *Id.*

*4 As we held in *Gonzalez-Huerta*, where the defendant raised a similar challenge, here, Mr. Perez-Hernandez "fails to meet his burden to satisfy the fourth prong of plain-error review." *Id.* at 8. In his reply brief on appeal, he offers little more than the assertion that "absent the constrictions of the Guidelines, the sentencing court would have been free to more fully consider Mr. Perez-Hernandez's circumstances and determine a reasonable sentence." Aplt's Reply Br. at 3. Without more, "we cannot hold, based upon the culmination of these factors, that the mandatory application of the Guidelines in this case--while error--is a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *Gonzalez-Huerta*, 403 F.3d 727, 2005 WL 807008, at *9.

III. CONCLUSION

For the reasons stated above, we AFFIRM Mr. Perez-Hernandez's conviction and sentence.

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2005 WL 1208929 (10th Cir.(N.M.))

Briefs and Other Related Documents (Back to top)

. 2005 WL 441609   (Appellate Brief) Appellee's Answer Brief no Attachments (Jan. 06, 2005)

. 2004 WL 3112749   (Appellate Brief) Defendant-Appellant's Brief-In-Chief (Dec. 03, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SERGIO EMILIO HINOJOSA-ALANIS | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. NO. B-04-020 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Petitioner. | § | |
| (C.A. NO. B-05-144) | § | |

## ORDER

It is hereby ORDERED that Sergio Hinojosa-Alanis' Petition under 28 U.S.C. § 2255 Petition is summarily denied.

SIGNED this _____ day of _____ 2005.


_____
UNITED STATES DISTRICT JUDGE